## Kincheloe v. Paducah Box & Basket Company.

(Decided June 15, 1915.)

### Appeal from McCracken Circuit Court.

Appeal and Error.—In a personal injury damage suit where the jury is properly instructed and the record is otherwise free from substantial error, a judgment for the defendant will not be disturbed.

MILLER & MILLER for appellant.

BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Kincheloe, while employed by the appellee box and basket company to "off-bear" small sticks as they were cut by saws that worked in a table, was injured when his hand came in contact with another saw operating in the same table. To recover damages for the injuries thus sustained he brought this suit, and, on a trial before a jury, there was a verdict in favor of the

box and basket company, and from the judgment on the verdict this appeal is prosecuted.

The grounds of negligence relied on were the failure to furnish a reasonably safe place in which to work and the failure to instruct Kincheloe as to the danger attending the work. The defense was a denial of negligence and a plea of contributory negligence.

It appears from the record that both parties had an opportunity to and did introduce all of the evidence they desired to offer, and the only grounds relied on for reversal are alleged errors in the instructions given and the failure of the court to submit certain offered instructions.

The court gave to the jury five instructions. In instruction number one they were told that it was the duty of the defendant to exercise ordinary care to furnish plaintiff a reasonably safe place in which to work, and if he was inexperienced and unacquainted with the work he was employed to do, to instruct him concerning any dangers connected with the work; and if they believed from the evidence that the injuries sustained were caused by the failure of the defendant to exercise ordinary care to furnish him a reasonably safe place or by the failure to warn or instruct him, they should find for the plaintiff.

In instruction number two the jury were told that unless the defendant was guilty of negligence as defined in instruction number one, they should find for the defendant.

Instruction number three submitted the measure of damages.

Instruction number four advised the jury that it was the duty of the plaintiff to exercise ordinary care for his own safety, and to avoid injury to himself, and if they believed from the evidence that he failed to exercise such care, and but for such failure he would not have been injured, they should find for the defendant.

In instruction number five the jury were told that if the plaintiff was injured while volunteering to do work he was not employed to do, and at a time when he had left the work assigned to him, they should find for the defendant.

These instructions, we think, submitted fairly to the jury every issue in the case, and it is evident from the verdict that the jury, after hearing the testimony, concluded that the injuries received by the plaintiff were

not due to any negligence on the part of the defendant in failing to furnish a reasonably safe place or in failing to give any instruction or warning that might have been necessary.

The two instructions offered by the plaintiff were, we think, properly refused.

Wherefore, the judgment is affirmed.